UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE APPLICATION RE SUBPOENAS
(by Aleksey Klimovich Markov)

Misc. No. 1:20-mc-91490-IT

**APPLICANT'S SUPPLEMENTAL MEMORANDUM**

In response to the Court's order of October 1, 2020, the Applicant, Aleksey Klimovich Markov, submits this supplemental memorandum to explain the reasons for proceeding *ex parte* in this matter.

The ordinary practice in Section 1782 cases is for the applicant to file an *ex parte* application seeking leave to take discovery. *See* Theodore J. Folkman, *International Judicial Assistance: Serving Process, Obtaining Evidence, Enforcing Judgments and Awards* § 4.10 (MCLE 2012). If the Court grants leave, then the applicant serves the subpoena on the respondent. The respondent then may raise whatever objections to the subpoena it has, including objections to issuance of the subpoena. In other words, the respondent can raise all the objections that it could have raised if it had opposed the application initially. Conversely, serving the application on the respondent before issuance of the subpoena opens the possibility that the respondent will raise arguments twice: once in opposition to the application itself, and again on a motion to quash or in response to a motion to compel, after the subpoena has issued.

It is for this reason that courts have expressly approved *ex parte* applications under the statue. For example, in *Gushlak v. Gushlak,* 486 Fed. App'x 215, 217 (2d Cir. 2012), the Second Circuit held: "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because

1

he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." And in *In re Letters Rogatory from the Tokyo Dist.,* 539 F.2d 1216, 1219 (9th Cir. 1976), the court approved *ex parte* proceedings under the statute because proceeding *ex parte* is "customar[y]," and because "the witnesses can … raise[] objections and exercise[] their due process rights by motions to quash the subpoenas."

In some districts, the court has a local rule requiring notice of *ex parte* applications. *See, e.g.,* C.D. Cal. L.R. 7-19.1 (movant on an *ex parte* motion has a duty to attempt to give notice of the motion to opposing counsel). But such rules are not specific to § 1782; they apply to all requests for *ex parte* relief. This Court has no such rule.

Section 1782 proceedings are still relatively uncommon in this District. Nevertheless, in *Schlich v. Broad Inst.,* 893 F.3d 40, 51 (1st Cir. 2018), the First Circuit, on its way to rejecting a rule putting the burden of persuasion on certain issues that arise under § 1782 on the respondent, found support for its view in "the fact that courts may adjudicate ex parte petitions under § 1782." In *In re Fagan,* 2019 U.S. Dist. LEXIS 88547, at *6 (D. Mass. May 28, 2019), Judge Burroughs expressly noted that it is proper to bring a Section 1782 application *ex parte.* And in *In re Hanwha Azdel, Inc.,* 979 F. Supp. 2d 178, 179 (D. Mass. 2013), Judge Ponsor noted that proceeding *ex parte* is "common" procedure in such cases.

For these reasons, the Applicant respectfully submits that beginning proceedings under § 1782 with an *ex parte* application is the proper and accepted procedure.

Dated: October 7, 2020

Respectfully submitted,
Aleksey Klimovich Markov,
By his Attorney,

/s/ Elena Tsizer
_____
Elena Tsizer, Esquire
BBO#666487
Tsizer Law P.C.
1101 Worcester Road, 2nd Floor
Framingham, MA 01701
T. 508.820.3000
F. 508.820.3003
E-mail: elena@tsizerlaw.com